# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY SEABROOK, | 1:10-CV-02277 LJO GSA HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND[1]

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. He challenges the 293 month prison sentence that he received on April 16, 2003, in the United States District Court for the Southern District of Georgia pursuant to the Armed Career Criminal Act ("ACCA").

Petitioner filed a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the sentencing court, which was denied on March 10, 2005. He appealed to the Eleventh Circuit Court of Appeals, and the appeal was denied without prejudice to his ability to

---

[1] This information was derived from the petition for writ of habeas corpus.

1

1  seek relief by way of a petition pursuant to 28 U.S.C. § 2241.

2  Petitioner filed the instant petition for writ of habeas corpus on December 8, 2010. He
3  claims that the instant conviction for possession of a firearm by a felon and a prior conviction for
4  burglary of an unoccupied commercial business property are not violent felonies that qualify as
5  predicates for sentencing under the ACCA. He contends his sentence is unauthorized. He also
6  claims he was denied the effective assistance of counsel.

7  **DISCUSSION**

8  A federal prisoner who wishes to challenge the validity or constitutionality of his federal
9  conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence
10 under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also
11 Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), cert. denied, 549 U.S. 1313 (2007);
12 Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd
13 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the*
14 *sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163. A prisoner may not collaterally
15 attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant
16 to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d
17 at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

18 In contrast, a prisoner challenging the manner, location, or conditions of that sentence's
19 execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district
20 where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d
21 861, 864-65 (9th Cir.2000) (per curiam); Brown v. United States, 610 F.2d 672, 677 (9th Cir.
22 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37
23 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir.
24 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d
25 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987).
26 "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a
27 federal prisoner may test the legality of his detention, and that restrictions on the availability of a
28 § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464

F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241 *if* he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 59 (9th Cir.) (as amended), cert. denied, 540 U.S. 1051 (2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956).

The Ninth Circuit has provided little guidance on what constitutes "inadequate and ineffective" in relation to the savings clause. It has acknowledged that "[other] circuits, however, have held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner claims to be: (1) factually innocent of the crime for which he has been convicted; and, (2) has never had an 'unobstructed procedural shot' at presenting this claim ." Ivy, 328 F.3d at 1059-60, citing Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000)); see also Stephens, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir.1963).

In this case, Petitioner is challenging the validity and constitutionality of his federal sentence imposed by the United States District Court for the Southern District of Georgia, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the Southern District of Georgia, not a habeas petition pursuant to § 2241 in this Court.

Petitioner appears to argue, however, that § 2255 is inadequate and ineffective because he had already filed a § 2255 motion which was denied, and his appeal to the Eleventh Circuit was

denied without prejudice to his ability to seek relief under 28 U.S.C. § 2241. To the extent Petitioner argues that his only remedy is to pursue his claims via a habeas petition pursuant to Section 2241 because a panel of the Eleventh Circuit would refuse to certify a second or successive motion under Section 2255, Petitioner's argument fails. Section 2241 "is not available under the inadequate-or-ineffective-remedy escape hatch of [Section] 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of [Section] 2255." Lorentsen, 223 F.3d at 953. Further, the remedy under Section 2255 usually will not be deemed inadequate or ineffective merely because a previous Section 2255 motion was denied, or because a remedy under that section is procedurally barred. Id. at 953 (stating that the general rule in the Ninth Circuit is that "the ban on unauthorized second or successive petitions does not per se make § 2255 'inadequate or ineffective' "); see also United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir.2001) (procedural limits on filing second or successive Section 2255 motion may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651); Moore, 185 F.3d at 1055 (rejecting petitioner's argument that Section 2255 remedy was ineffective because he was denied permission to file a successive Section 2255 motion, and stating that dismissal of a subsequent Section 2255 motion does not render federal habeas relief an ineffective or inadequate remedy); Tripati, 843 F.2d at 1162-63.

      Moreover, Petitioner has failed to demonstrate that his claims qualify under the savings clause of Section 2255 because Petitioner's claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954.

In this case, Petitioner does not assert that he is factually innocent of the crime for which he was convicted. Rather, he claims that, for sentencing purposes, he does not have the requisite qualifying prior "violent felony" convictions and, thus, he is actually innocent of being designated a "Career Offender" based on his conviction for being a felon in possession of a firearm and his prior conviction for burglary.  Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed. See Ivy, 328 F.3d at 1060; Lorentsen, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction"); Edwards v. Daniels, 2006 U.S. Dist. LEXIS 94750, at *7, 2006 WL 3877525 (D.Or.2006) ("Petitioner's assertion that he is actually innocent of a portion of his sentence does not qualify him for the 'escape hatch' of § 2255 because he must allege that he is 'legally innocent of the crime for which he has been convicted,' not the sentence imposed."), adopted by Edwards v. Daniels, 2007 U.S. Dist. LEXIS 12356, 2007 WL 608115 (D.Or.2007). Therefore, the instant § 2241 petition does not fit within the exception to the general bar against using Section 2241 to collaterally attack a conviction or sentence imposed by a federal court. See Lorentsen, 223 F.3d at 954 (declining to decide whether federal prisoners who are actually innocent may resort to Section 2241 when relief is not available under Section 2255 because the petitioner had not shown actual innocence); see also Stephens, 464 F.3d at 898-99 (concluding that, although petitioner satisfied the requirement of not having had an "unobstructed procedural shot" at presenting his instructional error claim under Richardson v. United States, 526 U.S. 813, 119 (1999) because the claim did not become available until Richardson was decided eight years after his first Section 2255 motion had been denied and the claim did not satisfy the requirements for a second or successive Section 2255 motion, petitioner could not satisfy the actual innocence requirement as articulated in Bousley and, thus, failed to properly invoke the escape hatch exception of Section 2255); Harrison, 519 F.3d at 959 ("[A] motion meets the escape hatch criteria of § 2255 'when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'").

1   Accordingly, the Court concludes that Petitioner has not demonstrated that Section 2255
2 constitutes an "inadequate or ineffective" remedy for raising his claims. Accordingly, Section
3 2241 is not the proper avenue for raising Petitioner's claims, and the petition should be dismissed
4 for lack of jurisdiction.

## RECOMMENDATION

6   Accordingly, IT IS HEREBY RECOMMENDED:

7   1) The petition for writ of habeas corpus be DISMISSED for lack of jurisdiction; and

8   2) The Clerk of Court be DIRECTED to enter judgment and close the case.

9   This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,
10 United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and
11 Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of
12 California.  Within thirty (30) days after service of the Findings and Recommendation, any party
13 may file written objections with the court and serve a copy on all parties.  Such a document
14 should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies
15 to the objections shall be served and filed within fourteen (14) days after service of the
16 objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
17 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
18 may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
19 Cir. 1991).

21   IT IS SO ORDERED.
22   Dated:   **December 22, 2010**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

6